No. 30,473.

Tony Gorges, *Appellee,* v. The State Highway Commission, Etc., *Appellant.*

(10 P. 2d 834.)

Opinion filed May 7, 1932.

*Wint Smith,* assistant attorney-general, and *Howard T. Fleeson,* of Wichita, for the appellant.

*Cliff A. Matson, I. H. Stearns, E. P. Villepigue, J. W. Blood* and *F. W. Prosser,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Sloan, J.: This was an action to recover damages growing out of an alleged defect in the public highway. The petition contained the usual and necessary allegations in such cases, and described the alleged defect as follows:

"That on the 22d day of December, 1930, and for some time prior thereto, approximately eight (8) days, said public highway . . . was defective and out of repair and dangerous to public travel in that ice was permitted to accumulate and form upon said highway at said point at a distance of practically one hundred (100) feet, extending east from a bridge or culvert located at said point; said bridge or culvert at said time having, as a part of its construction, five (5) cement posts upon both sides of said highway, which posts were connected by cement railings; said posts extending above the surface of the highway approximately four (4) feet. That the accumulation of said ice at said point, as aforesaid, constituted a defect in said state highway and a danger and menace to the traveling public; . . ."

The trial court overruled a demurrer to the petition, from which the defendant appeals.

The question for review is whether the alleged defect was within

the statute, creating liability of the state highway commission for damages growing out of defects in the public highway.

The liability of the state for injuries growing out of defective highways is statutory. It is not founded on the law of negligence but is created wholly by legislative enactment. (*Arnold v. Coffey County Comm'rs,* 131 Kan. 343, 291 Pac. 762.) The statute creating the liability is as follows:

"Any person who shall without contributing negligence on his part sustain damage by reason of any . . . defect in a state highway, . . . and for any damage so sustained the injured party may sue the state highway commission, . . ." (R. S. 1931 Supp. 68-419.)

It has been held that under certain circumstances whether a road is defective is a question of fact to be determined by the jury (*Watson v. Parker Township,* 113 Kan. 130, 213 Pac. 1051; *Collins v. State Highway Comm.,* 134 Kan. 278, 5 P. 2d 1106), but whether an alleged defect comes within the purview of the statute, creating liability, is a question of law to be determined by the court.

The allegation in the petition with reference to the defect is that the highway was defective and out of repair "in that ice was permitted to accumulate and form upon said highway," and "that the accumulation of said ice at said point as aforesaid constituted a defect in said highway." No other defect is alleged. It is the duty of the state highway commission to keep the highway in a reasonably safe condition for public travel, and liability arises where, after notice, it permits defects to exist in the public highway. It is not, however, an insurer. The user of the highway is bound in all events to use due care, and to take notice of any defect that comes within his knowledge or vision.

This court has held that holes in a road four or five inches deep are a defect (*Williams v. State Highway Comm.,* 134 Kan. 810, 8 P. 2d 946); that ruts on the shoulder of a cement slab are a defect (*Collins v. State Highway Comm.,* supra); that the failure to adopt some sufficient method of giving warning of danger due to alterations which were in progress was within the statute (*Story v. Brown County,* 116 Kan. 300, 226 Pac. 772; *Snyder v. Pottawatomie County Comm'rs,* 120 Kan. 659, 245 Pac. 162), and whether a ditch covered with weeds on the side of the traveled part of the road is a defect is a question of fact to be determined by the jury. (*Watson v. Parker Township,* supra.) The failure to cause a hedge to be trimmed along the highway was held not to be a defect in the highway. (*Bohm v. Racette,* 118 Kan. 670, 236 Pac. 811.)

No general definition of the term "defect in a highway" appears to have been made by this court, nor do we find any such general definition in the decisions of the courts of other states with similar or identical statutes. This for the very good reason that it is very difficult, if not impossible, to formulate a general definition which meets the intricate circumstances arising out of our modern highways and means of travel. The policy adopted by the courts has been to handle each case as it is presented, and to either include it in or exclude it from the operation of the statute. The rule appears to be well established that the accumulation of ice on a highway is not a defect within the terms of the statute. (*Norwalk v. Tuttle*, 73 Ohio St. 242; *McKellar v. Detroit*, 57 Mich. 158; *Mareck v. City of Chicago*, 89 Ill. App. 358; *Cook v. City of Milwaukee*, 24 Wis. 270. See, also, annotation 27 A. L. R. 1104.)

This court has had this question before it in relation to the liability of cities for the accumulation of ice on sidewalks, and in *Evans v. Concordia*, 74 Kan. 70, 85 Pac. 813, the court said:

"When ice and snow accumulate from natural causes upon the sidewalks of a city, and a person is injured by a fall occasioned by their smooth and slippery condition, is the city liable in an action for damages? This is the sole question in the case. No other defect in the sidewalk is claimed. The same question has frequently been before the courts, and with almost entire unanimity it has been held that where the injuries were caused wholly by reason of the smooth and slippery condition of the ice and snow there was no liability for negligence on the part of the city. . . .

". . . First, it is not one of the law's reasonable requirements that a city should remove from the many miles of walks the natural accumulation of ice and snow, because such a requirement is impracticable from the nature of things; second, because when these conditions exist generally they are obvious, and everyone who uses the sidewalks at such times is on his guard and is warned by the surroundings and the danger of slipping at every step. These reasons meet with our approval. To hold otherwise would cast upon cities a burden for which they are not responsible and greater than their ability to provide for. This rule has reference to a general accumulation of ice or snow from natural causes, where no other defect in the walk is shown except the natural slippery condition of the ice or snow." (pp. 71, 74.)

The argument advanced with reference to sidewalks has equal, if not greater, force when applied to highways. The state, through the highway commission, has under its supervision and control 8,690 miles of road and it would be an unreasonable burden to impose upon the state the duty of keeping highways free from the accumulation of ice during the winter months. Winter brings frequent, recurring storms of rain and snow and sudden and extreme changes

in temperature which defy prevention, and usually before correction can be made by any means within the control of the state highway commission it is accomplished by sunshine. To hold that liability resulted from these actions of the elements would be an affirmance of a duty which this court is not warranted in interpreting into the statute.

The judgment of the trial court is reversed, and it is directed to sustain the demurrer to plaintiff's petition.