No. 31,343

MYRTLE COLLINS, *Appellee,* v. THE KANSAS STATE HIGHWAY COMMISSION, *Appellant.*

(27 P. 2d 216.)

Opinion filed December 9, 1933.

*Wint Smith,* assistant attorney-general, *Gale Moss,* assistant attorney for

state highway commission, *Edward F. Arn, O. W. Lomax, Henry E. Martz,* all of Topeka, and *George Freeze,* of Goodland, for the appellant.

*Elmer E. Euwer,* of Goodland, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action for damages for injuries sustained in an automobile accident caused by a defect in the highway, U. S. 40-N., about a mile west of Goodland.

It appears that on the afternoon of October 7, 1931, the plaintiff was riding westward on the highway at a speed of thirty to thirty-five miles per hour. Her adult son was at the wheel and he held plaintiff's infant grandchild between his knees. The road was graveled, and the weather was dry and clear. About a mile west of Goodland the road slopes gently into a swale known as Sappy creek. About two feet north of the center line of the traveled portion of the highway was a "chuck hole." This hole was about two or three feet long, eighteen inches or two feet wide and six to eight inches deep. As motor vehicles on the highway ran across this "chuck hole," the jolt made such a noise as to be heard at a farmhouse nearby. Some eight or ten days before the accident of present concern a Denver automobile had been upset at the same point and for the same cause. Following that accident, one Lester Ingram, an employee of the state highway commission, made some effort to repair the highway by filling the hole with loose sand and gravel, but the passing cars speedily dug it out again. Another witness had an experience similar to that of the Denver car. He testified that in driving home the evening before plaintiff's accident his car hit the same hole and was turned over on account of it.

In the accident which befell plaintiff, the automobile turned over and she was severely and permanently injured in various particulars.

In her petition she pleaded the pertinent facts and alleged that the defect in the highway had existed for more than five days prior to the accident, and that defendant had more than five days' notice of the defect, and that no warning signs had been placed on the highway.

On issues thus tendered, defendant answered with a general denial and a plea of contributory negligence.

The jury returned a verdict for plaintiff and answered a number of special questions. Judgment was entered on the verdict and defendant appeals, its first contention being that the highway was

not defective as a matter of law. To support this view, reference is made to the evidence which showed that there was ample space for plaintiff's automobile to pass without running into the hole. While it is quite correct that it is not always required of the authorities in charge of public roads—state, county, or township—to maintain the entire width of a road in a safe condition for public travel (*Watson v. Parker Township,* 113 Kan. 130, 213 Pac. 1051), it is the bounden duty of every such authority to keep in a safe condition for public travel so much of the width of the road as is commonly used therefor. The commonly used portion of the highway where plaintiff's car was upset was from twenty-five to thirty feet in width. Therefore the road to that width should have been kept in a safe condition for travel. Where some portion of a public road is defective and the road authorities have had notice of it, it is their duty to set about its repair with reasonable promptness, and until that can be done, suitable warning signs should be placed to caution the public that the road is not in its usual condition of safety for public travel. (*Story v. Brown County,* 116 Kan. 300, 226 Pac. 772; *Rosebaugh v. Allen County Comm'rs,* 120 Kan. 266, 243 Pac. 277.) Here, according to the jury's special findings, no warning sign had been set although the defendant had given some testimony to that effect. As the defect in the highway was only about two feet from its median line, and that defect caused plaintiff's automobile to upset, it seems useless to debate the point whether the road was defective as a matter of law.

It is next urged that defendant did not have five days' notice of the defect. That point turns on the question whether notice to defendant's employee Ingram was sufficient to bring home notice to the defendant. Ingram not only had five days' notice of the defect, but during a period of eight or ten days immediately prior to the accident he had made repeated but ineffective efforts to repair it. He also knew of the accident to the Denver car some eight or ten days previously. A witness who lived near by and had heard the jolting of cars as they ran into the defect had told Ingram, about seven days before plaintiff's accident, that "if the hole wasn't filled up somebody would be upset."

The statute provides that notice sufficient to bind the state highway commission exists where an employee of the commission ir charge of maintenance or upkeep of the highway has had five days' notice of the defect. (R. S. 1931 Supp., 68-419; *Williams v. State*

*Highway Comm.*, 134 Kan. 810, 813, 814, 8 P. 2d 946.) Ingram was classified by defendant as an "extra laborer," and that his duties were to put in culverts, clean them out, and to mow weeds. Ingram, called as a witness for defendant, testified that he filled holes on this highway but did not know whether it was his duty to do so or not. A witness for plaintiff testified that Ingram had filled up this particular hole with dry dirt several times shortly prior to the accident, but that passing cars would promptly dig the hole again. After plaintiff's accident effective steps were taken to keep the hole filled by wetting the dirt used to fill it.

The court holds that defendant's contention that defendant did not have five days' notice as prescribed by the statute cannot be sustained.

Another contention is that the driver of the automobile was guilty of contributory negligence as a matter of law and that his negligence barred plaintiff's right of recovery. This contention is based on the fact that the driver had plaintiff's eighteen-months'-old grandchild sitting on the seat between his knees as he drove the automobile and that plaintiff made no objection to that arrangement. The jury did not consider that fact as of any consequence, and to a special question propounded on the point it answered thus:

"6. Was Howard Collins exercising reasonable care and diligence, having due regard to condition and traffic of the road, in having the grandson of the plaintiff between his knees while driving the automobile? A. Yes."

Clearly this was a circumstance for the jury's determination, and it could not be ruled on as a matter of law.

Error is also based on an instruction touching the sufficiency of the notice to the employee Ingram to bind the defendant. Under the evidence the criticized instruction was a fair statement of pertinent law.

The record contains no error and the judgment is affirmed.

HARVEY, J. (dissenting): I am confident that our legislature in enacting the statute R. S. 1931 Supp. 68-419, authorizing recovery of damages under certain circumstances against the highway commission by reason of a defect in a bridge, culvert, or state highway, following very much the statute R. S. 68-301 relating to the liability of counties and townships for similar defects, never had in mind that the ordinary depressions or holes, so common in sanded or graveled highways, would be regarded as defects which would form the basis

of recovery. It is a matter of such common knowledge, and hence necessarily known to all who use our highways, that sanded or graveled highways have uneven surfaces. For a variety of reasons the sand is thicker in some places than others. Sometimes it mixes well with the earth or clay on which it is placed, and at other times it does not. Uneven surfaces and holes are constantly occurring because of the traffic and the texture of the roadbed, and this is true no matter how well they are constructed and maintained. To hold such depressions as defects within the meaning of this law makes the construction and maintenance of such roads almost prohibitive. In this case the uneven surface of the roadbed, indicating a depression or hole, was visible to the driver of this car for from 100 to 150 feet. The jury specifically found there was ample room for him to drive on the highway without running into it. However, he was not looking; he did not see it. In my judgment, to permit money raised to improve our highway system to be paid out in damages in cases such as this, is unauthorized.

SMITH and THIELE, JJ., join in this dissent.

HUTCHISON, J., not sitting.