No. 31,905

Arthur E. Doherty, *Appellee*, v. The State Highway
Commission, *Appellant*.

(38 P. 2d 95)

Opinion
filed December 8, 1934.

Wint Smith, attorney for state highway commission, and *Edward F. Arn*,
assistant attorney for state highway commission, for the appellant.

*Frank M. Sheridan, Bernard L. Sheridan, L. Perry Bishop*, all of Paola,
*Redmond S. Brennan* and *Lloyd R. Fraker*, both of Kansas City, Mo., for the
appellee.

The opinion of the court was delivered by

Harvey, J.: This is an action for damages for personal injuries
alleged to have resulted from a defect in a state highway. The
trial court overruled a demurrer to the petition, and defendant has
appealed.

The material allegations of the petition, aside from formal
matters, may be summarized as follows: That the state highway
commission had placed crushed stone on the dirt shoulder of a
state highway, the driveway of which was paved with concrete;
that vehicles using the highway had edged off the concrete slab and
onto the crushed stone on the shoulder and back onto the concrete
slab and in so doing had scattered some of the crushed rock from
the shoulder onto the slab. These rocks on the slab were further
scattered and some of them crushed into gravel by traffic. These
individual pieces of rock varied in size and shape, but averaged
approximately two and one-fourth inches in length and two inches
in thickness. Gravel brought on the concrete slab in this way
consisted of particles of varied size ranging from one-half inch thick
and three-fourths of an inch to an inch and one-half in length,
which were scattered irregularly along the path of traffic on the
concrete slab. This accumulation of loose rock and gravel was about
ten pieces to the square yard, in some places being more numerous

than in others, and for a distance along the highway of about a quarter of a mile, and on the side or one-half of the concrete slab near which the crushed rock had been placed on the dirt shoulder by defendant; that at the place in question plaintiff was a passenger in a motor car traveling along and upon this concrete slab, when a rock from the accumulation above described was propelled by being thrown by the wheel of another car, passing at that time and place into the motor car in which plaintiff was riding and against plaintiff with such force that his right eye was destroyed, for which he claimed damages.

Appellant contends the petition does not state a cause of action, for two reasons: (1) That the stone or gravel on the concrete slab, as described in the petition, does not constitute a defect in the highway within the meaning of the law; and (2) the stone and gravel on the highway were not the proximate cause, or legal cause, of the injury which plaintiff sustained, but that there was an independent intermediate cause, namely, the action of the other automobile in picking up the gravel or stone and throwing it into the car in which plaintiff was riding.

We need consider but the first of these questions. Gravel, or small stone, on a highway, is so common that to hold the highway commission liable for an injury resulting therefrom, as described in this petition, would be to make the maintenance of state highways prohibitive. Since but one small stone injured plaintiff, to enable him to recover we would have to hold that one such stone on the highway rendered it defective within the meaning of the law; and to keep paved highways from being defective would require that they be swept frequently. The legislature never intended to place such a duty on the state highway commission. Indeed, it is authorized to gravel the surface of state highways, and many miles of it in this state are so treated. We feel compelled to hold that the petition does not allege facts showing the highway was defective within the meaning of our statute (R. S. 1933 Supp. 68-419).

The judgment of the court below is reversed, with directions to sustain the demurrer to the petition.