No. 31,954

C. M. HANNA, *Appellee*, v. THE STATE HIGHWAY COMMISSION, *Appellant.*

(40 P. 2d 472)

Opinion filed January 26, 1935.

*Wint Smith,* assistant attorney-general, and *Gale Moss,* assistant attorney for state highway commission, for the appellant.

*O. A. Wilson,* of Jetmore, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This is an appeal from an order overruling a demurrer.

Plaintiff's petition alleged that the highway known as 50 N is a part of the state highway system, and that in May and June, 1933,

the defendant made a survey of the highway east of Jetmore, and in so doing drove spikes or nails in said highway at intervals of one hundred feet for the purpose of marking points used in making such survey; that the defendant negligently failed to remove the spikes and nails from the highway, and that in the operation of the grader or maintainer on said highway by the highway patrolmen, the spikes and nails were bent and pulled out of the surface of the highway and left lying exposed in the traveled portion of the highway, constituting a defect in said highway and danger and menace to the traveling public thereon, and that the defendant through its patrolmen and employees had notice of the defective condition for more than five days prior to October 2, 1933; on which day plaintiff and his wife were on said highway in an automobile driven by him, using due care for the safety of himself and his wife, and at a point not within an incorporated city but within that portion of the highway included in the aforesaid survey, the right rear tire of the automobile was "punctured by one of such nails or spikes carelessly and negligently left in said highway by defendant's employees and patrolmen," causing the automobile to overturn and injuring the plaintiff in the manner set forth, and claiming damages therefor, and that within ninety days after the accident plaintiff caused written notice to be served upon the director of highways of the date when and place where such damages were sustained, etc., as provided by law. In a second cause of action, recovery for damages to the automobile was sought. To this petition defendant filed a demurrer on the ground that facts sufficient to constitute a cause of action were not stated. From an adverse ruling defendant appeals.

Although the petition charges that the defendant negligently failed to remove the nails or spikes driven into the highway, and that the automobile tire was punctured by one of such nails or spikes carelessly and negligently left in the highway by the defendant, the real question presented is not one of negligence. If the defendant is liable, it is by virtue of R. S. 1933 Supp. 68-419, which provides that any person who shall, without contributing negligence on his part, sustain damages by reason of any defect in a state highway, not within an incorporated city, may recover such damages from the state of Kansas. The liability is statutory, and does not depend on negligence. (See *Payne v. State Highway Comm.*, 136 Kan. 561, 563, 16 P. 2d 509, and cases cited.)

The demurrer admits the defendant had notice of the existence

of the nails or spikes on the highway, and the sole question, therefore, is whether a nail or spike left on the surface of the highway constituted a defect therein.

After the lower court ruled on the demurrer, this court decided *Doherty v. State Highway Comm.*, 140 Kan. 686, 38 P. 2d 95, on December 8, 1934, in which it was claimed that small pieces of stone placed on the shoulder of the highway next to the concrete pavement, and allowed to become scattered on the surface of the pavement, constituted defects in the highway, and it was held that:

"One, or a few, small pieces of broken stone, or gravel, on a paved highway, does not render it defective within the meaning of R. S. 1933 Supp. 68-419." (Syl.)

Essentially, there is no difference between that case and the one now before us. We note plaintiff's argument that whether the nails and spikes were a defect is a question of fact to be determined by the jury. There may be cases where the facts are disputed from which it is to be determined whether a defect exists (*Collins v. State Highway Comm.*, 134 Kan. 278, 5 P. 2d 1106; *Williams v. State Highway Comm.*, 134 Kan. 810, 8 P. 2d 946), but here there is no dispute. Under the circumstances, whether the alleged defect comes within the purview of the statute is a question of law. (*Gorges v. State Highway Comm.*, 135 Kan. 371, 372, 10 P. 2d 834; *Snyder v. State Highway Comm.*, 139 Kan. 150, 30 P. 2d 102.)

Under *Doherty v. State Highway Comm.*, supra, it must be held the demurrer should have been sustained.

The judgment of the lower court is reversed and the cause remanded with instructions to sustain the demurrer.