## No. 37,690

DUANE SHAFER, by Emma Shafer, his mother and next friend, *Appellee*, v. STATE HIGHWAY COMMISSION OF KANSAS, *Appellant*.

(219 P. 2d 448)

Opinion on rehearing filed June 10, 1950. (For original opinion of reversal see *Shafer v. State Highway Commssion,* 168 Kan. 591, 215 P. 2d 172.)

· *Henry L. Daniels,* of Topeka, argued the cause, and *Stanley Taylor,* attorney for state highway commission, and *C. C. Linley,* of Cimarron, were with him on the briefs for the appellant.

*James A. Williams,* of Dodge City, argued the cause, and *C. W. Hughes, Jack G. Voshell,* and *J. J. Mangan,* all of Dodge City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: The original opinion in this case appears as *Shafer v. State Highway Commission,* 168 Kan. 591, 215 P. 2d 172.

Plaintiff obtained a judgment in a damage action involving our

defective highway statute. (G. S. 1935, 68-419.) This court reversed the judgment. The nature of the action, a general summary of the material facts then presented and the contentions of the respective parties are fully set forth in the original opinion and are hereby referred to without repetition.

Only two other factors are to be considered on this rehearing. They pertain to additional evidence on the question of what constituted the alleged defect and whether such defect occasioned the injuries complained of. A rehearing was granted to appellee on a showing material evidence in support of the former judgment was not included in the abstracts originally presented to this court, the absence of which affected this court's decision. The absence of certain evidence now presented did affect our decision. The findings of the jury fully set forth in the former opinion included question and answer No. 2, which reads:

" '2. Q. If you answer question No. 1 in the affirmative describe fully and in detail such defect or defective condition. A. Depression in roadway 18 feet East by West—20 feet North and South, *with* chuck hole approximately 3½ or 4 inches deep by 30 inches across.' " (p. 594.) (Our italics.)

In the former opinion this court said:

"A search of the record discloses no evidence the driver of the motorcycle struck the chuckhole. We, therefore, need not determine whether such a chuckhole in a blacktop road constitutes a defect within the purview of G. S. 1935, 68-419." (p. 595.)

In view of that situation this court proceeded to consider and determine only whether the depression without the chuckhole constituted a defect within the purview of the defective highway statute and concluded it did not. In the supplemental testimony furnished to this court by appellee in support of his petition for rehearing there is testimony indicating the motorcycle struck one of the chuckholes located in the tracks of the traveled portion of the road.

We would not be inclined to consider the evidence now presented to this court except for the fact appellant did not originally contend in its brief the motorcycle did not run into the chuckhole. It appears that in view of appellant's failure to so contend appellee did not abstract the testimony showing the motorcycle did strike the chuckhole. The absence of such evidence in the former abstracts was first noticed when this court on oral argument of the case directed attention to the fact the abstracts did not appear to show the motorcycle struck the chuckhole. When that occurred counsel for appellee

promptly should have asked leave to supply the testimony instead of permitting this court to decide the appeal without it. We are considering the supplemental testimony only because failure to do so would deprive a client of having a judgment in his favor fairly reviewed.

. Having concluded to reconsider the appeal with the supplemental evidence we shall determine whether the condition constituted a defect in the highway. In doing so we are now confronted with the question whether the condition of the highway, namely, the depression, or sunken place, three and one-half to four inches deep, as shown by the evidence analyzed in our former opinion, when combined with a chuckhole also three and one-half to four inches deep located in the depression and in the tracks of the traveled portion of the road, constituted a defect within the meaning of the statute.

The jury apparently intended to say the two conditions combined constituted the defect. In finding No. 2, previously quoted, the jury's answer was, "Depression . . . with chuckhole. . . ."

It will serve no useful purpose to again review our previous decisions and to make a factual comparison of cases in which recovery was allowed or denied. Our previous decisions have all been reviewed in cases cited in the original opinion in this case and we shall not repeat that review.

In the former opinion we said:

"There is no legal foot-rule by which to measure conditions generally and determine with exact precision whether a condition constitutes a defect. Some conditions may be so patently dangerous as to clearly constitute a defect while others may be so trifling as to be clearly outside the purview of the statute. (*Collins v. State Highway Comm.,* 134 Kan. 278, 283, 5 P. 2d 1106; *Douglas v. State Highway Comm.,* 142 Kan. 222, 226, 46 P. 2d 890.) It is, therefore, the policy of courts to handle each case separately and to either include it in or exclude it from the operation of the statute. (*Gorges v. State Highway Comm.,* 135 Kan. 371, 373, 10 P. 2d 834.) Where the circumstances are such that an alleged defect cannot be excluded from the operation of the statute as a matter of law it presents a case for a jury. (*Watson v. Parker Township,* 113 Kan. 130, 213 Pac. 1051; *Collins v. State Highway Comm.,* supra; *Cheney v. State Highway Comm.,* 142 Kan. 149, 153, 45 P. 2d 864.)" (p. 597.)

Certainly the lawmakers never intended mere irregularities, rough spots, slight depressions or small broken places in a blacktop highway should constitute defects within the meaning of the defective highway statute. If that were intended damage actions might easily exhaust the funds designed to build and maintain a highway system.

On the other hand we think the facts in this case bring it within our decisions which hold that whether the conditions constituted a defect presented a jury question.

In view of the general verdict and the findings in his favor appellee, of course, is entitled to have the evidence considered in the light most favorable to him. (*Dinsmoor v. Hill,* 164 Kan. 12, 14, 187 P. 2d 338.) So considered the jury may have believed the sunken place or depression was four inches deep. It is common knowledge such a depression across a highway often is not easily discernible and may cause a vehicle to flip considerably in passing over it. Here, however, that depressed condition of the highway was augmented by chuckholes three and one-half to four inches deep on each side of the culvert located in the regular tracks made by the wheels of vehicles. There was evidence by both appellee's and appellant's witnesses that a chuckhole existed along the north side of the roadway immediately east and west of the culvert and that similar chuckholes were located on the south side of the road. The jury was justified in believing the bottom of the particular hole which the motorcycle struck was eight inches below the top surface of the surrounding portion of the road. There was evidence the chuckholes were the same color as the surface of the blacktop. There was also evidence farmers using the road at times had difficulty observing the chuckholes in time to prevent the wheels of their vehicles from dropping into them.

Appellant argues appellee was guilty of contributory negligence. This depends upon whether we can say, as a matter of law, appellee, a guest on the motorcycle, should have seen the defect and warned his brother in time to avoid it. We have already commented on the difficulty other drivers had in observing the defect. Appellant argues appellee admitted he did not always hold onto the vehicle with his hands and that he had waved to people along the highway. Appellee did so admit but he did not admit doing so in the immediate vicinity of the accident. The jury expressly found he was not guilty of negligence at the time and place of the accident. (Finding 11.) A review of the evidence convinces us we cannot say appellee was guilty of negligence as a matter of law. (*Houser v. Nelson,* 133 Kan. 142, 147, 298 Pac. 777.)

The judgment of the district court is affirmed.