RICHARD SHEEN, *Appellant*, v. STATE HIGHWAY COMMISSION, *Appellee*

No. 38,707

HAROLD R. GROAT, *Appellant*, v. STATE HIGHWAY COMMISSION, *Appellee*

No. 38,714

BLACK, SIVALLS & BRYSON, INC., a Corporation, *Appellant*, v. STATE HIGHWAY COMMISSION, *Appellee*.

(249 P. 2d 934)

Opinion filed November 8, 1952.

*Edward Rooney, Jacob A. Dickinson, David Prager* and *Sam A. Crow*, all of Topeka, and *Melvin O. Nuss* and *Vernon Nuss*, both of Great Bend, were on the briefs for the appellant.

*Mason Mahin*, attorney for state highway commission, and *Robert M. Cowger*, of Topeka, were on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: These are actions against the state highway commission to recover for personal injuries and property damage sustained when a pickup truck overturned on a state highway. In each case, without directing any motion against the petition, the defendant demurred on the ground it failed to state a cause of action. When these demurrers were sustained the plaintiffs perfected the involved appeals which were subsequently consolidated and heard together on appellate review.

In order to insure a proper understanding of the manner in which the court in this opinion will treat the appellate issue involved a short preliminary statement is required.

All actions in question were instituted on September 12, 1951, by the filing of petitions which, except for a description of the party plaintiff and the injuries sustained to person or property, contained identical language respecting the fundamental facts on which the respective parties base their cause of action.

In the cases here docketed as appeals Nos. 38,707 and 38,708, the respective plaintiffs are claiming damages for personal injuries. Demurrers to their petitions were sustained by the district court of Barton county. In the case docketed as appeal No. 38,714, the plaintiff is claiming damages for injuries sustained to the pickup truck involved in the accident. The demurrer to its petition was sustained by the district court of Ness county.

From what has been heretofore related it is apparent the sole issue presented by the foregoing appeals, i. e., whether the trial court erred in sustaining the demurrers to the petitions, can be treated and disposed of as if only one appeal and a single petition were involved. We shall therefore proceed on that premise, pointing out in advance that in doing so subsequent use of the terms "plaintiff" or "appellant," as the case may be, is intended to apply and has reference to each and every person appealing from the decisions rendered by the courts below.

At the outset and before relating allegations of the petition, which we are constrained to hold must be given consideration in disposing of the ruling on the demurrer, we note and deem it advisable to discuss claims advanced by appellee to the effect certain allegations appearing in that pleading are of such character as to preclude a conclusion the appellant bases his right of recovery upon the provisions of G. S. 1949, 68-419, providing that any person who shall without contributory negligence on his part sustain damage by reason of a defect in a state highway, not within an incorporated city, may recover such damages from the state of Kansas where officials designated therein shall have had notice of such defect five days prior to the time when such damage was sustained. These claims, we pause to point out, must be disposed of in the light of the well established rule (see *Stuckey v. Shultz*, 173 Kan. 343, 245 P. 2d 1197, the decisions there cited and other decisions of like import listed in West's Kansas Digest, Pleading, §§ 26, 34 [1], [3];

also Hatcher's Kansas Digest, Pleading, §§ 35, 37), that where a demurrer is filed to a petition on the ground it does not state a cause of action, without first presenting a motion to have the allegations thereof made more definite and certain, the allegations of such pleading will be liberally construed in favor of the pleader.

Touching the point now under consideration appellee contends the allegations of the petition disclose appellant is relying upon its negligence, not upon a defect in the highway, for recovery. Conceding there is language in the petition susceptible of such a construction the petition, as will subsequently be disclosed, contains other averments which, when given the benefit of inferences to which they are entitled in ruling on a demurrer, warrants a contrary construction. It has been held that inconsistent allegations do not make a petition demurrable (*Bichel v. Oliver*, 77 Kan. 696, 95 Pac. 396; *Fetzer v. Williams*, 80 Kan. 554, 103 Pac. 77; *Downey v. Phillips*, 137 Kan. 362, 20 P. 2d 453). Therefore, under the rule announced in the foregoing decisions, even though it be conceded the allegations charging appellee with negligence are inconsistent with those charging it with liability because of a defect in the highway, the appellant is not precluded from relying upon the latter allegations in support of its position the demurrer to the petition was improperly sustained. Next, appellee points out the petition contains an allegation charging that the proximate cause of the truck overturning on the highway, and appellant's resulting injuries, was the presence of crude oil which had been spilled, dripped, and tracked by trucks of the Shallow Water Refining Company on such highway. Quite true. Based on this premise it argues there can be but one proximate cause for the accident and hence the petition fails to state a cause of action against it. The trouble with this argument from appellee's standpoint is that such pleading also contains allegations to the effect the proximate cause of the accident was its action in permitting a condition to remain on the highway which constituted a defect. We are not inclined to labor decisions cited by appellee respecting the doctrine of proximate and unrelated causes. All that need be said is that under the decisions to which we have referred, with the allegations last above mentioned in the petition, its contention such pleading fails to charge the defect in the highway was the proximate cause of the accident cannot be upheld. Finally, although it does not strenuously argue the point, appellee suggests its demurrer should have been sustained under

the doctrine of confusion of theories. It may be assumed there might be some merit to this suggestion if a motion had been leveled against the petition and successfully resisted. As it is the answer thereto is to be found in *Sluss v. Brown-Crummer Inv. Co.*, 137 Kan. 847, 22 P. 2d 965, where we held:

"While the general rule is that where a general demurrer is filed to a petition, no motion to make more definite and certain having been presented, the demurrer should be overruled if the facts stated constitute a cause of action, whether well pleaded or not, and inconsistent causes of action do not render a pleading demurrable, a different rule must be applied where plaintiff, as a result of procuring rulings favorable to him, defeats every effort of the defendant to ascertain on what theory he founds his cause of action; and in such case, if the petition is not drawn upon a single and definite theory or there is such a confusion of theories that the court cannot determine from the general scope of the petition upon which of several theories a recovery is sought, it is insufficient, and a demurrer thereto should be sustained." (¶ 2.)

Having disposed of the foregoing contentions and determined that under the existing conditions and circumstances the allegations relied on by appellee in support of its position are not of such character as to preclude consideration of other portions of the petition tending to support a cause of action predicated on appellee's liability for damages sustained by reason of a defect in a state highway we are now in a position to examine the petition as if such allegations were not there. When so examined the substance of the allegations, not heretofore considered, can be summarized as follows: That the plaintiff, alleging his place of residence, brings the action against the defendant (State Highway Commission) pursuant to G. S. 1949, 68-419, after having served written notice of his claim upon the director of highways, in the manner and within the time therein prescribed.

On the morning of September 14, 1949, plaintiff was driving a Ford pickup truck, belonging to Black, Sivalls & Bryson, Inc., with Richard Sheen and Leonard L. Conner as passengers, in a westerly direction on Kansas State Highway K-96 at a point about 12.5 miles west of Ness City where such highway was intersected by a road leading to an oil loading dock owned by the Shallow Water Refining Company and located on the north side of the highway; that at such point as the truck was proceeding at a reasonable and proper rate of speed it suddenly and without warning started to slide on the highway and proceeded in a westerly direction out of control off the roadway where it turned over, causing damage to

the truck and personal injuries to plaintiff; that the proximate cause of the truck's sliding was the presence of crude oil on the highway at such point; that such crude oil had accumulated at that point as a result of being spilled, dripped, and tracked by the trucks of the refining company as they proceeded across the intersection from its oil loading dock; that such accumulation of oil created a slick and slippery condition which was extremely dangerous to members of the public traveling in motor vehicles and could not be seen by the drivers thereof until too late to avoid running upon it; that the conditions described constituted a defect in the highway which had existed thereon for at least a month, and that employees of the defendant had had actual notice of such condition more than five days prior to the date of the accident.

Further allegations of the petition charge that because of such defect in the highway and as a result of the accident plaintiff suffered serious personal injuries and other damages, describe the extent thereof and amounts claimed therefor, and ask for judgment accordingly.

Where—as here—for purposes of ruling on a demurrer the facts relied on as constituting a defect are admitted this court has uniformly held the appellee's liability, if any, is by reason of G. S. 1949, 68-419, that it has no liability under such statute unless by reason of a defect in a state highway and that the question whether an alleged defect comes within the purview of such statute is a question of law (*Gorges v. State Highway Comm.*, 135 Kan. 371, 10 P. 2d 834; *Houdashelt v. State Highway Comm.*, 137 Kan. 485, 21 P. 2d 343; *Snyder v. State Highway Comm.*, 139 Kan. 150, 30 P. 2d 102; *Hanna v. State Highway Comm.*, 141 Kan. 135, 40 P. 2d 472; *Douglas v. State Highway Comm.*, 142 Kan. 222, 46 P. 2d 890; *Espey v. State Highway Comm.*, 143 Kan. 873, 877, 57 P. 2d 424; *Parsons v. State Highway Comm.*, 146 Kan. 476, 72 P. 2d 75; *Moore v. State Highway Comm.*, 150 Kan. 314, 92 P. 2d 29).

This court has frequently been called upon to enunciate the principles to be observed in determining the legal question referred to in the preceding paragraph. However, it will not be necessary to here review or re-examine decisions wherein such principles were independently discussed and applied. That was done in our recent decision *Shafer v. State Highway Commission*, 168 Kan. 591, 215 P. 2d 172, where, in a short, concise, and all inclusive statement, subsequently repeated in *Shafer v. State Highway Commission*, 169 Kan. 264, 219 P. 2d 448, we said:

"There is no legal foot-rule by which to measure conditions generally and determine with exact precision whether a condition constitutes a defect. Some conditions may be so patently dangerous as to clearly constitute a defect while others may be so trifling as to be clearly outside the purview of the statute. (*Collins v. State Highway Comm.,* 134 Kan. 278, 283, 5 P. 2d 1106; *Douglas v. State Highway Comm.,* 142 Kan. 222, 226, 46 P. 2d 890.) It is, therefore, the policy of courts to handle each case separately and to either include it in or exclude it from the operation of the statute. (*Gorges v. State Highway Comm.,* 135 Kan. 371, 373, 10 P. 2d 834.) Where the circumstances are such that an alleged defect cannot be excluded from the operation of the statute as a matter of law it presents a case for a jury. (*Watson v. Parker Township,* 113 Kan. 130, 213 Pac. 1051; *Collins v. State Highway Comm.,* supra; *Cheney v. State Highway Comm.,* 142 Kan. 149, 153, 45 P. 2d 864.)" (p. 597.)

The parties do not contend this court has ever been called upon to determine whether the conditions described in the petition constitute a "defect in a state highway" within the meaning of that term as used in our statute (68-419). Nor are we cited to decisions' from foreign jurisdictions dealing with that subject. Appellant relies on *Kelleher v. Newburyport,* 227 Mass. 462, 116 N. E. 806 and *Chilcote v. San Bernardino County,* 71 Cal. App. Dec. 727, 15 P. 2d 1102, finally adjudicated and reported in *Chilcote v. San Bernardino County,* 218 Cal. 444, 23 P. 2d 748, but an examination of such decisions readily reveals that they are of no value as precedents. The case first mentioned deals with liability of a city for oiling its streets in such a manner as to make them unsafe for general travel while the second, in which it was ultimately held the petition failed to state a cause of action, does not even purport to hold the facts therein alleged constituted a defect in the highway.

Decisions of this court cited by appellant as supporting its position the trial court erred in sustaining the demurrer to the petition are clearly distinguishable from the standpoint of facts and principles involved. *Williams v. State Highway Comm.,* 134 Kan. 810, 8 P. 2d 946, and *Collins v. State Highway Comm.,* 138 Kan. 629, 27 P. 2d 216, as will be observed on resort to pages 597 and 598 of the opinion in *Shafer v. State Highway Commission,* supra, involved structural defects. *Thompson v. Morris County Comm'rs,* 170 Kan. 74, 223 P. 2d 749, holds that piles of gravel placed upon a highway by the county and allowed to remain there without warning signs and in close proximity to a culvert constituted a defect. *Cuddy v. Tyrrell,* 171 Kan. 232, 232 P. 2d 607, was a suit between individuals where liability under the provisions of the statute here in question (68-419) was not even involved or given consideration.

However, it is to be noted, we do have decisions which, because the facts therein involved are somewhat analogous, are entitled to consideration and must be given some weight in deciding the question now before us. For illustration we have held accumulation of ice and snow on a public highway (*Gorges v. State Highway Comm.*, supra); spikes and nails negligently left by employees of the highway department in the highway (*Hanna v. State Highway Comm.*, supra); one or a few small pieces of broken stone or gravel on a paved highway (*Doherty v. State Highway Comm.*, 140 Kan. 686, 38 P. 2d 95); piles of chat near a state highway (*Lyke v. State Highway Comm.*, 160 Kan. 709, 165 P. 2d 228); a stop sign which is hidden because weeds have been permitted to grow (*Phillips v. State Highway Comm.*, 146 Kan. 112, 68 P. 2d 1087), do not constitute a "defect in a state highway" under the provisions of 68-419, *supra*.

The import of the rule to which we have heretofore referred requiring us to handle each case separately and to either include in it or exclude it from the operation of the statute is obvious. It simply means that we are to recognize facts of which we can take judicial notice, give consideration to the facts set forth in the petition, and then determine whether the legislature intended the situation existing under the confronting facts and circumstances to constitute a "defect in a state highway" as that term is used in the statute.

Applying the rule to which we have just referred to the facts of the instant case it must be kept in mind the state, through the state highway commission, has under its supervision and control many thousands of miles in the state highway system and remembered that the very essence of appellant's claim as to the existence of a defect in the state highway in question was the presence of crude oil thereon which "had accumulated on the highway as a result of being spilled, dripped, and tracked, by the trucks of the Shallow Water Refining Company as its trucks proceeded across the highway from the oil loading dock."

We do not believe the legislature ever intended that the accumulation of oil on a highway as a result of being spilled, dripped, and tracked, in the manner described by specific allegations of the instant petition, should constitute a defect in the highway within the meaning of the statute on which appellant bases his right to maintain the actions herein involved. If that had been intended it is apparent that countless damage actions might be brought against

the appellee for untold alleged defects resulting from accumulations of oil spilled, dripped, and tracked by the thousands of motor vehicles traveling its highways which might easily exhaust the funds designed to build and maintain the state highway system. Therefore, in view of the specific allegations of the pleadings, heretofore quoted, and under the decisions last mentioned we feel impelled to hold that the petitions in the cases involved in the instant appeal do not allege facts sufficient to bring them within the scope of our defective highway statute (68-419). The result is the trial court did not err in sustaining the demurrers to the petitions and that its judgment in cases Nos. 38,707, 38,708 and 38,714 must be affirmed.

It is so ordered.