No. 39,467

MRS. MARGARET LUNGSTRUM, *Appellant,* v. THE STATE HIGHWAY COMMISSION OF KANSAS, *Appellee.*

(276 P. 2d 346)

Opinion filed November 13, 1954.

*Howard F. McCue,* of Topeka, argued the cause and was on the briefs for the appellant.

*Roy G. Lowe,* of Topeka, argued the cause, and *William B. Kirkpatrick,* assistant attorney general, and *Alex Hotchkiss,* of Lyndon, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action to recover damages for personal injuries alleged to have resulted from defects in a highway. Plaintiff appeals from the order sustaining a general demurrer to her petition. We shall refer to appellant as plaintiff and to the defendant state highway commission as the commission.

Plaintiff devotes a considerable portion of her brief to the contention her petition clearly describes a defect. The demurrer appears to have been sustained on other grounds. We, therefore, shall first examine the petition relative to the issues on which the ruling is based. With respect to them the petition, in substance, alleged:

This is an action to recover damages for personal injuries suffered by plaintiff by reason of defects in a state highway and because of

defendant's negligence; the commission is charged with the right, power, and duty to construct, maintain, and repair state highways, to enter into contracts pertaining to such duties and to contract for and do all things necessary and proper to the efficient carrying out of its statutory duties and powers; in September, 1949, the commission entered into a contract for the construction and improvement of a certain portion of U. S. highway 75 and for the improvement of a township road running approximately parallel with said highway 75 and west thereof at a point approximately two miles south of the Osage-Shawnee county line and extending north into Shawnee county approximately three miles; the township road was under the jurisdiction and authority of Ridgeway township in Osage county and the township and commission entered into an understanding and agreement whereby the commission took over the township road to improve the same for the purpose of taking care of all U. S. highway 75 traffic at that point and assumed all of the statutory obligations and liabilities of the township to persons traveling upon the township road and for the proper maintenance, marking, control and supervision thereof so as to make the same safe for public travel; the exact terms of the agreement are not known to plaintiff but are known to the commission and are a part of its records; the commission spent approximately $30,000 for the improvement of the township road and caused to be erected at both the south and north terminals thereof road signs and directions re-routing U. S. highway 75 traffic over the township road; by its acts and conduct defendant adopted the township road·as a state highway.

The pertinent part of G. S. 1949, 68-419 reads:

"Any person who shall without contributing negligence on his part sustain damage by reason of any defective bridge or culvert on, or defect *in a state highway*, not within an incorporated city, may recover such damages from the state of Kansas. . . ." (Our italics.)

It is elementary that the state is amenable to suit only in the event and for the purpose it expressly has consented to be sued. That the statute permits recovery from the state only for defects existing in a state highway is clear. In other words, the liability is purely statutory.

Does the petition disclose the defect existed in a state highway? We do not think so. It clearly discloses the defect, if it be one, was in a township road which the commission used as a detour. The legislature, of course, understood detours from state highways would become necessary from time to time as state roads were in the

process of being repaired. In order, however, to make certain such detours, made available by the commission for convenience of the public, would not become state highways, the legislature expressly provided:

". . . the state highway commission may mark and maintain existing roads *used by it or which may be used by it as detours but which shall not be a part of the state highway system: Provided,* That such roads shall be marked and maintained by the state highway commission only until that portion of the state highway system for which such road is substituted is completed and open for travel." (G. S. 1949, 68-406.) (Our italics.)

In *Summerville v. State Highway Comm.,* 139 Kan. 530, 32 P. 2d 224, this court held:

"The statute authorizing the state to be sued for damages arising from defects in a designated state highway where the injured person is without contributing negligence, has no application where the defects causing the damages are upon a county road marked and used as a detour while parts of the state highway are under repair." (Syl.)

Plaintiff, however, argues the demurrer admits the commission, by agreement with the township, assumed the liability of the latter for defects in the detour. Plaintiff also directs attention to the provision which grants the commission power to make contracts incident to the construction, improvement, reconstruction and maintenance of the state highway system. (G. S. 1949, 68-407.) We already have indicated the commission has the power to provide detours and the duty to mark and maintain them during the period designated by statute, but that such use and maintenance of detours does not make them a part of the state highway system.

It has been held an arrangement by the commission with a county to mark and maintain a county road as a detour does not convert the county road into a part of the state highway system. (*Summerville v. State Highway Comm.,* supra, p. 532.) Likewise, an agreement by the commission, if valid, to assume liability for defects on a township road used as a detour, does not convert such road into a part of the state highway system.

It is true the petition alleges the commission was negligent. In cases involving townships, cities, counties, or the state under statutes of this character predicated on defects, liability is not based on the law of negligence but is wholly statutory. The question is not whether the commission was negligent, but whether a defect actually exists. The only place where negligence enters into an action of this character is in connection with plaintiff's conduct. In order

to prevail a plaintiff must be free from negligence which contributes to the accident. (*Cunningham v. Clay Township*, 69 Kan. 373, 76 Pac. 907; *Arnold v. Coffey County Comm'rs*, 131 Kan. 343, 291 Pac. 762; *Gorges v. State Highway Comm.*, 135 Kan. 371, 372, 10 P. 2d 834, and cases therein cited.)

Plaintiff further contends it has been held *a state highway* may be opened by implication from conditions which would indicate to an ordinarily prudent person that it is available for public use and a safe place to travel. (*Thummel v. State Highway Comm.*, 160 Kan. 532, 164 P. 2d 72.) As previously indicated the instant defect was not in a state highway and the Thummel case is not controlling.

Our attention is also directed to the allegation in the petition, to wit:

". . . this is an action to recover damages for personal injuries suffered by plaintiff . . . because of defects in a state highway. . . ."

Plaintiff asserts that averment is admitted by demurrer. The nature of a cause of action is determined from the specific facts alleged in a petition and not by what a pleader arbitrarily undertakes to denominate it. A demurrer never admits naked conclusions but only facts well pleaded. (*Moffet v. Kansas City Fire & Marine Ins. Co.*, 173 Kan. 52, 244 P. 2d 228; *Hoffman v. Hill*, 175 Kan. 826, 267 P. 2d 526, and cases therein cited.) The specific detailed facts here alleged in support of the quoted statement clearly indicate, as already demonstrated, that the quoted statement constitutes not only a conclusion but an erroneous conclusion of law. Our ruling in the instant case must not be confused with cases in which a pleading containing inconsistent allegations of facts is challenged by demurrer.

The order sustaining the demurrer is affirmed.