Nos. 40,540 and 40,541

JOHN F. CRONIN, *Appellee*, v. STATE HIGHWAY COMMISSION OF KANSAS, *Appellant.*

JEAN CRONIN, *Appellee*, v. STATE HIGHWAY COMMISSION OF KANSAS, *Appellant.*

(318 P. 2d 1066)

Opinion filed December 7, 1957.

*Donald C. Amrein,* of Topeka, argued the cause and *Wm. B. Kirkpatrick,* Assistant Attorney General, was with him on the briefs for the appellant.

*Horace A. Santry* and *Joseph B. Crowther,* both of Salina, were on the brief for the appellees.

The opinion of the court was delivered by

PARKER, C. J.: These are separate actions against the State Highway Commission by John and Jean Cronin to recover damages for personal injuries and property loss sustained in a single accident,

allegedly caused by a defect in a State Highway. Demurrers to the respective petitions, based on the ground those pleadings did not state facts sufficient to constitute a cause of action, were overruled in the court below and the Highway Commission perfected appeals from such rulings. Thereupon, it appearing that they presented a common question for decision, the appeals were consolidated and subsequently briefed and argued as if only one appeal was involved. Therefore we proceed on the same basis, pointing out that in doing so what is here stated and held will be decisive of the rights of the parties in both actions.

In its brief appellant makes what counsel for appellees, with commendable candor, concede is a fair summarization of the factual allegations of the pleadings necessary to disclose the appellate issues involved. We have reached a like conclusion with respect to such statement and have therefore decided to make it a part of this opinion. It reads:

"So far as is important to these appeals the petitions allege that at 8:35 A. M., on August 29, 1954, John Cronin was driving and Jean Cronin was a passenger in an automobile proceeding westerly on Kansas Highway 18 approximately 15 miles west of Junction City, Kansas in Dickinson County. That at said point new construction had been recently completed upon said highway and that during said time of construction traffic on said highway had been routed over a surfaced road in a southern portion of the right of way. That on said date the new construction on the north portion of the right of way had been previously opened for traffic and there were no barricades, signs or warning signals of any kind at said point to indicate that both roads were not open for travel. That plaintiff, having travelled said highway during this construction and having driven on the southern fork at said point, proceeded forward on the south. That defendant State Highway Commission had excavated a ditch across said southern road and that plaintiff suddenly perceived said excavation but could not stop in time to avoid driving into it, resulting in injury. That the proximate cause of the damage sustained by plaintiffs was the defective condition of the highway at the point of excavation and that there were no warning signs at or near the excavation nor any sign directing the public to travel on the new construction."

From an examination of the briefs it appears, indeed the parties admit, the sole question involved in this case is whether the heretofore related allegations of the petitions state a cause of action, under the provisions of G. S. 1949, 68-419, against the State of Kansas for injuries and other damages sustained by appellees by reason of a defect in a state highway. In other words, since the two cases are here on rulings on demurrers to the petitions under conditions and circumstances where all other facts essential to

recovery are admitted, the only question for decision is whether such allegations disclose that on the date of the accident in question there was *a defect in a state highway* within the meaning of 68-419, *supra,* which, so far as here pertinent, reads:

"Any person who shall without contributing negligence on his part sustain damage by reason of any defective bridge or culvert on, or defect in a state highway, not within an incorporated city, may recover such damages from the state of Kansas; . . ."

In approaching the issue thus presented it should be kept in mind that it must be determined in the light of well-established principles dealing with situations where, since the State cannot otherwise be sued, its liability is purely statutory. With respect to the State's liability for defects in highways we have repeatedly held that such liability, if any, is by reason of 68-419, *supra;* that it has no liability under that statute, unless by reason of a defect in a state highway; *that the question whether an alleged defect comes within the purview of its terms is a question of law;* that in order to recover against the State the person seeking recovery must bring himself clearly within those terms; and that we have no right to enlarge the scope of such statute nor to amend it by judicial interpretation. For just a few of our decisions, where the foregoing principles are considered, discussed and applied, see *Houdashelt v. State Highway Comm.,* 137 Kan. 485, 21 P. 2d 343; *Summerville v. State Highway Comm.,* 139 Kan. 530, 32 P. 2d 224; *Espey v. State Highway Comm.,* 143 Kan. 873, 57 P. 2d 424; *Phillips v. State Highway Comm.,* 148 Kan. 702, 84 P. 2d 927; *Lyke v. State Highway Comm.,* 160 Kan. 709, 165 P. 2d 228; *Sheen v. State Highway Commission,* 173 Kan. 491, 249 P. 2d 934; *Lungstrum v. State Highway Commission,* 177 Kan. 57, 276 P. 2d 346; *Summers v. State Highway Commission,* 178 Kan. 234, 284 P. 2d 632; *Shields v. State Highway Commission,* 178 Kan. 342, 286 P. 2d 173; and the numerous other decisions therein cited.

With principles of law established we now turn to the all decisive question. In a preliminary way it can be stated that what constitutes a defect in a highway has been before the court on many occasions. Our decisions dealing with the subject are to be found in the annotations to the statutes. See G. S. 1949, 68-419 and G. S. 1955 Supp., 68-419 for cases where recovery was sought from the State, and G. S. 1949, 68-301 and G. S. 1955 Supp., 68-301 where recovery was sought from a county or township under a similar

statute. In many of our reported decisions the conditions prevailing have been held to be defects in the highway within the meaning of such statutes—in many others not. However, it may be said that throughout all these cases we have steadfastly adhered to the proposition there is no legal foot-rule by which to measure conditions generally and determine with exact precision whether a condition constitutes a defect and that in the final analysis it is the fixed policy of this court to handle each case separately and to either include it in or exclude it from the operation of the statute. See, e. g., *Shafer v. State Highway Commission,* 168 Kan. 591, 215 P. 2d 172; *Shafer v. State Highway Commission,* 169 Kan. 264, 266, 219 P. 2d 448; *Sheen v. State Highway Commission,* 496, 497, supra. For the reason just stated, and another to be presently disclosed, it would serve no particular purpose and add nothing to the body of our law to discuss, analyze or distinguish the numerous decisions to which we have heretofore referred.

The parties do not contend this court has ever been called upon to determine whether the conditions described in the petitions constitute a "defect in a state highway" within the meaning of the term as used in the statute (68-419). Nor are we cited to decisions from foreign jurisdictions dealing with such a situation. On that account we shall not attempt to burden this opinion with a discussion of the decisions on which diligent counsel for the parties rely to sustain their respective positions. It suffices to say we have examined all cases cited, find that they are not to be regarded as controlling precedents under the existing facts and circumstances and are convinced the sole issue in this case must be decided under the rule of the decisions last above cited.

Do the petitions disclose a defect, coming within the purview of the terms of the statute (68-419), existed in a state highway (Kansas Highway 18) at the time of the accident in question? After careful consideration of all arguments advanced by the parties in their briefs and an extended examination of the authorities cited by them, as well as many others, we have reached the conclusion they do not. Resort to pertinent portions of those pleadings, to which we have heretofore referred, clearly discloses that on the date of the accident the new construction on the highway in question had been completed and that such new construction had been previously opened for traffic. Resort to the same source makes it crystal clear that at the time appellees sustained their injuries they

were not traveling on Highway 18, as opened for traffic, but were proceeding along a road which, during completion of the new construction on such highway and prior to the opening thereof for traffic, had been in use as a detour for the purpose of routing traffic around the new construction. In the face of these specific allegations we feel impelled to hold that the petitions in the cases involved in the instant appeal do not allege facts sufficient to come within the scope of our defective highway statute (68-419). This, we may add, holds true even though the petitions allege that after opening the new construction for traffic the appellant failed to erect barricades, signs or warning signals of any kind to indicate that its detour road was not open or safe for travel. Conceding, as appellees point out, that failure of the appellant to take action of that character was gross negligence on its part does not warrant or permit this court in holding the condition of the detour road constituted a "defect" in Kansas Highway 18 within the meaning of that term as used in 68-419, *supra*. Such statute, as we have previously indicated, limits the State's liability to defects in state highways and as yet the legislature has not seen fit to make it liable for negligence in their operation.

It follows the trial court erred in overruling appellant's demurrers to the petitions. Therefore those rulings are reversed and set aside and cases Nos. 40,540 and 40,541 are remanded with instructions to sustain the demurrers.