No. 31,023.

Tony Gorges, *Appellee,* v. The State Highway Commission, *Appellant.*

(20 P. 2d 486.)

Opinion filed April 8, 1933.

*Wint Smith,* assistant attorney-general, and *Howard T. Fleeson,* of Wichita, for the appellant.

*C. A. Matson, I. H. Stearns, E. P. Villepigue, John W. Blood* and *Francis W. Prosser,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: Tony Gorges brought this action against the state highway commission to recover damages claimed to have been sustained by reason of an alleged defect in state highway No. 54, over which plaintiff was traveling in an automobile. The action is brought under R. S. 1931 Supp. 68-419, and the defect mentioned consisted of an accumulation of natural ice on the highway, which caused plaintiff's automobile to skid against cement posts of a guard rail of a culvert, resulting in injuries and damages for which a recovery is sought. A demurrer to plaintiff's amended petition was overruled, and defendant appeals.

This is the second appearance of the case in this court. (*Gorges v. State Highway Comm.,* 135 Kan. 371, 10 P. 2d 834.) The petition first filed alleged, in effect, that for a number of days the highway was defective and dangerous to public travel, in that ice was permitted to accumulate on it for a distance of about 100 feet near a culvert or bridge where there were cement posts on each side, against which his automobile skidded, resulting in the injury alleged. On a demurrer to that petition it was held that the petition did not state a cause of action. On a review of that decision this court determined that defendant was not liable for the injuries alleged. The court after citing a number of authorities stated:

"The state, through the highway commission, has under its supervision and

control 8,690 miles of road, and it would be an unreasonable burden to impose upon the state the duty of keeping highways free from the accumulation of ice during the winter months. Winter brings frequent, recurring storms of rain and snow and sudden and extreme changes in temperature which defy prevention, and usually before correction can be made by any means within the control of the state highway commission it is accomplished by sunshine. To hold that liability resulted from these actions of the elements would be an affirmance of a duty which this court is not warranted in interpreting into the statute." (p. 373.)

After that decision the plaintiff filed an amended petition setting forth in a greater number of words and with increased emphasis, that an accumulation of ice on the highway constituted a defect that made the defendant liable for the injury and loss. Among the added averments in his pleadings the plaintiff alleged in substance that there was a low place in the highway; that discolored ice had accumulated thereon in which deep icy ruts were cut by the travel over it, resulting in the highway being rough and uneven, which constituted an obstruction and a defect in the highway. The added allegations in the amended petition do not, we think, invoke different principles than were applied in the first appeal.

The question is, Did the accumulation of natural ice on a highway constitute a defect within the meaning of R. S. 1931 Supp. 68-419? The highway commission is empowered to construct and maintain state highways, and the statute provides that anyone who, without contributing negligence, sustains damages by reason of defects in a bridge, culvert or state highway, may recover damages from the state upon the giving of proper notice. What constitutes a defect is not stated. It is to be noted that the so-called defect was not structural in character and in itself was not defective. If there had been a defect in construction or in the upkeep which caused the danger and loss, there would be some ground for a recovery. For instance, if there had been a plank out of the floor of a bridge or culvert, or a hole in the pavement of the highway had been cupped out, and the commission had been given adequate notice of the defect and failed to repair the same, a liability against the state might arise. (*Williams v. State Highway Comm.*, 134 Kan. 810, 8 P. 2d 946, and cases cited.) Here the cause of the injury was not in any fault of the structure itself, but was caused by the action of the elements over which the commission had no control. The danger was caused by a fall of rain and snow on city streets and county highways alike,

and by a process of freezing and thawing was transformed into ice and the traffic over it caused roughness and ruts.

Did the legislature when it enacted the statute intend to create a liability against the state for persons injured because of ice accumulated on the highway? It had already been determined that a city is not liable for damages to one injured from an icy and slippery condition of sidewalks and streets where the condition was an accumulation of ice thereon which arose from natural causes, upon the theory that the burden on the city of removing snow and ice on miles and miles of sidewalks and streets would be so great and so impracticable, if not impossible, it could not have been within the intention of the lawmakers. (*Evans v. Concordia*, 74 Kan. 70, 85 Pac. 813.) There it was said that the city was not required to remove snow and ice from the streets and that, "to hold otherwise would cast upon cities a burden for which they are not responsible and greater than their ability to provide for."

In *Wesley v. City of Detroit*, 117 Mich. 658, where there was an icy walk on an incline of a street and the plaintiff while passing over it slipped and was injured, the court held—

"That the walk, except for the ice and snow, was in a reasonably safe condition, and that the case was within the rule that a municipality is not liable for accidents caused by the natural accumulation of ice and snow upon its walk."

In *Butcher v. Racine*, 189 Wis. 541, in speaking of the duty of a city to keep its streets in a reasonably safe condition for public travel, and where there was a contention that it was the duty of the city to keep its streets free from danger on account of ice, it was said:

"No such duty devolves upon those in charge of highways and streets, because it is impossible to discharge under climatic conditions that exist in Wisconsin. Streets and highways cannot be so constructed as to be reasonably safe for travel under icy conditions." (p. 546.)

*Norwalk v. Tuttle*, 73 Ohio St. 242, involved right to recover against the city on account of injuries sustained by plaintiff from falling upon an icy sidewalk. In its opinion the court remarked:

"No default of the municipality appears in cases of this character when the peril is not due to defective construction or to any other act of the city contributing to or causing the dangerous condition of the street, but where that condition is due solely to the action of the elements. In a climate where the winter brings frequently recurring storms of snow and rain and sudden and extreme changes in temperature, these dangerous conditions appear with a

frequency and suddenness which defy prevention and, usually, correction. Ordinarily they disappear before correction would be practicable by any provision which the city might reasonably be expected to make. It is within common observation that without the presence of snow or rain, from the mere alternations of heat and cold operating upon the frozen earth beneath the walk, there result dangerous conditions of pavements which it would not be possible to prevent or correct. To hold that a liability results from these actions of the elements would be the affirmance of a duty which it would often be impossible, and ordinarily impracticable, for a city to perform." (p. 245.)

See, also, *Rolf v. City of Greenville*, 102 Mich. 544; *Newton v. Worcester*, 174 Mass. 181; *Hutchinson v. City of Ypsilanti*, 103 Mich. 12; *Jefferson v. City of Sault Ste. Marie*, 166 Mich. 340; *Easterbrook v. State*, 202 N. Y. S. 896.

The authorities justified the statement made in *Gorges v. State Highway Comm.*, supra, that—

"The rule appears to be well established that the accumulation of ice on a highway is not a defect within the terms of the statute." (p. 373.)

The state, as well as counties and townships, cannot be held liable for defects in the highway unless it is expressly imposed by statute. (*Township of Quincy v. Sheehan*, 48 Kan. 620, 29 Pac. 1084.) The statute in question, although in derogation of the common law, is not to be strictly construed, but rather is to be liberally construed to promote its object. (R. S. 77-109.) It cannot be extended and interpreted to cover duties or liabilities which are impossible of performance.

Our conclusion is that the judgment of the district court must be reversed with instruction to enter judgment sustaining the defendant's demurrer to plaintiff's amended petition. It is so ordered.