No. 60,558

MARY TAYLOR, individually and as mother, next friend, and natural guardian of ERIC TAYLOR, a minor, *Appellant*, v. RENO COUNTY, KANSAS, and JAMES MELVIN, *Appellees*.

(747 P.2d 100)

Opinion filed December 11, 1987.

*E. Dexter Galloway*, of Hutchinson, argued the cause and was on the brief for appellant.

*Stanford J. Smith, Jr.*, of Robbins, Tinker, Smith & Metzger, of Wichita, argued the cause, and *Harry E. Robbins, Jr.*, of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: This is a wrongful death and personal injury action against Reno County and James Melvin, the Public Works Director for Reno County. The plaintiff, Mary A. Taylor, brought the action as surviving parent of the deceased Vonya Taylor, and as mother and natural guardian of Eric Taylor, a minor. The district court dismissed the plaintiff's claim pursuant to K.S.A. 60-212(b), finding that K.S.A. 75-6104(k) granted the defendants immunity from liability and, therefore, plaintiff failed to state a claim upon which relief could be granted. The plaintiff appeals.

The facts are essentially undisputed. On the night of December 30, 1984, the plaintiff was involved in an automobile accident on the Yoder Road bridge. Rain started falling early in

the evening and, although it did not freeze on the roads or highways, icing and slippery conditiond did develop on the bridges and overpasses. The air temperature stayed above 25 degrees Fahrenheit all evening. At approximately 8:37 p.m., James Melvin was advised by the Reno County Sheriff's Detail Commander that bridges and overpasses were getting extremely slick from freezing rain and accidents were occurring. Melvin responded that sand and salt would be applied starting at 5:00 a.m. the next morning. At approximately 10:57 p.m., the plaintiff was proceeding north on Yoder Road. As she approached the Yoder Road bridge, it was raining but the road was not slick. The bridge, however, was a sheet of ice, and plaintiff's car skidded out of control and collided with an oncoming vehicle. Plaintiff's twelve-year-old daughter, Vonya, was killed and her three-month old son, Eric, suffered serious injuries.

There was in effect, on December 30, 1984, a county Snow and Ice Control Implementation Plan. The plan was adopted by the Board of County Commissioners of Reno County on December 15, 1982. This plan, in part, provided:

"C. When the precipitation causes icy and hazardous conditions, the following criteria will govern whether sand and salt spreading will commence:
(1) Units will not be dispatched after 8:00 p.m.
(2) Spreading will desist prior to 10:30 p.m.
(3) Units will not be dispatched when the temperature is below 20 Fahrenheit and is expected to fall.
(4) When the temperature is above 20 Fahrenheit units may be dispatched when approved by the Public Works Director.
. . . .
"E. Treatment of most areas which are deemed hazardous will begin at 5:00 a.m. or at any other time as directed by the public works director."

The plaintiff contended that the accident arose from the defendants' failure to clear the bridge of ice. She contends that Reno County and its public works director, James Melvin, were aware of the ice on the Yoder Road bridge but had taken no action to alleviate the situation.

The sole question now before this court on appeal is whether K.S.A. 75-6104(k) provides immunity to the defendants from the claims contained in plaintiff's petition.

K.S.A. 75-6104 provides, in part:

"A governmental entity or an employee acting within the scope of the employee's employment shall not be liable for damages resulting from:

. . . .

"(k) snow or ice conditions or other temporary or natural conditions on any public way or other public place due to weather conditions, unless the condition is affirmatively caused by the negligent act of the governmental entity."

Plaintiff contends that the common-law duty of the county to maintain its roads in a reasonably safe condition remains under the general liability for negligence created by the Kansas Tort Claims Act, and thus her claim is not barred by K.S.A. 75-6104(k). She further contends that subparagraph (k) grants immunity only for negligent acts and not for gross and wanton acts. The plaintiff relies on *Hopkins v. State*, 237 Kan. 601, 702 P.2d 311 (1985), as authority for her contention.

In *Hopkins*, the trial court found that the defendant law enforcement officers were immune pursuant to K.S.A. 75-6104(c), (d), and/or (m), and granted summary judgment in favor of the defendants. We reversed and, in so doing, said:

"The exceptions to liability of a governmental entity or employee set out in 75-6104 are not without limitations. Only negligent or wrongful acts or omissions of employees are excepted from liability by 75-6104, while acts or omissions involving more than the lack of ordinary care and diligence are not.

. . . .

". . . Whether this particular set of facts falls within any of the exceptions to liability for negligence created by 75-6104 or if the officers' conduct was more than negligent, *i.e.*, malicious or wanton, and therefore outside the protection from liability, must be determined by considering the totality of the circumstances in this particular case. Plaintiffs are correct in contending that the trial court's granting of summary judgment concerning liability for damages to the plaintiffs' home was improper." 237 Kan. at 611-12.

Our decision in *Hopkins* is not controlling in the present case. At issue in *Hopkins* was the conduct of the defendant law enforcement officers, which was alleged to be malicious and wanton. In *Hopkins*, we said that the "question is whether the officers' actions exceeded either the common-law duty of an officer or the exception to liability provided by the act." 237 Kan. at 610. We found that a common-law duty did exist, stating:

"Neither the courts nor our legislature, in passing the act, extended the mantle of immunity beyond the boundaries of protection previously recognized under the common law. Under the common law, personal liability was imposed on officers who maliciously or wantonly injured a person or his property even though the officers were engaged in a governmental function. *Robertson [v. City of Topeka]*, 231 Kan. [358, 364, 644 P.2d 458 (1982)]. (Fromme, J., dissenting).

"A law enforcement officer is obligated to use reasonable and ordinary care and diligence in the exercise of his duties, to use his best judgment, and to exercise that reasonable degree of learning, skill and experience which is ordinarily possessed by other law enforcement officers in the same or similar locations. A law enforcement officer who acts maliciously or wantonly fails to exercise the reasonable and ordinary care and diligence required of a law enforcement officer and acts outside the protection afforded by the act." 237 Kan. at 611.

In the present case, we are not dealing with affirmative acts but with a failure to act. In addition, counties did not have a common-law duty to keep their roads in a reasonably safe condition, nor were counties liable at common law for damages resulting from defective roads or bridges. *Comm'rs of Marion Co. v. Riggs*, 24 Kan. *255 (1880); *Eikenberry v. Township of Bazaar*, 22 Kan. *556 (1879). The legislature subsequently passed R.S. 1923, 68-419 (1931 Supp.), which provided that governmental entities could be subjected to liability for damages resulting from highway defects. However, in *Gorges v. State Highway Comm.*, 135 Kan. 371, 373, 10 P.2d 834 (1932), this court held that the natural accumulations of ice upon roadways were not "road defects" within the meaning of the statute and, therefore, governmental entities were immune from liability for damages resulting from accumulations of ice upon a roadway. In so holding, we said:

"Here the cause of the injury was not in any fault of the structure itself, but was caused by the action of the elements over which the commission had no control. The danger was caused by a fall of rain and snow on city streets and county highways alike, and by a process of freezing and thawing was transformed into ice and the traffic over it caused roughness and ruts.

"Did the legislature when it enacted the statute intend to create a liability against the state for persons injured because of ice accumulated on the highway? It had already been determined that a city is not liable for damages to one injured from an icy and slippery condition of sidewalks and streets where the condition was an accumulation of ice thereon which arose from natural causes, upon the theory that the burden on the city of removing snow and ice on miles and miles of sidewalks and streets would be so great and so impracticable, if not impossible, it could not have been within the intention of the lawmakers." *Gorges v. State Highway Comm.*, 137 Kan. 340, 341-42, 20 P.2d 486 (1933).

The liability of the state, county, and township for highway defects was repealed by the Kansas Tort Claims Act. However, in *Toumberlin v. Haas*, 236 Kan. 138, 689 P.2d 808 (1984), we held

that the duty to maintain the highways remains under the general liability for negligence created by the tort claims act, and the scope of that duty is to be determined on a case-by-case basis. In addition, whether an exception exists under K.S.A. 75-6104 must be determined by looking at the totality of the circumstances in each case. See *Carpenter v. Johnson*, 231 Kan. 783, 790, 649 P.2d 400 (1982).

Maintenance of the roadway and bridges is not an issue in the present case. This case is a classic example of the type of case which falls within K.S.A. 75-6104(k). There is no allegation that the icy condition of the Yoder Road bridge was caused by the affirmative negligent acts of either of the defendants. Rather, the sole basis for plaintiff's present cause of action is that the defendants failed to properly clear the bridge of ice after it had accumulated. The accident allegedly arose from ice accumulation on a public bridge due to weather conditions and, thus, the case falls squarely within the governmental immunity provisions of K.S.A. 75-6104(k). Moreover, the sole basis for plaintiff's allegations against the public works director, James Melvin, is that he failed to comply with the terms of Reno County's "Ice and Snow Control Implementation Policy" by failing to clear the Yoder Road bridge of ice. Thus, the sole basis of the claims against Melvin relates to actions of a governmental employee within the scope of his employment; Melvin is thereby within the scope of K.S.A. 75-6104(k).

Plaintiff relies on several cases decided in another jurisdiction which held that a determination of whether an accident was caused by weather conditions is a jury question. See *Paternoster v. N.J. Transp. Dept.*, 190 N.J. Super. 11, 461 A.2d 759 (1983); *Meta v. Township of Cherry Hill*, 152 N.J. Super. 228, 377 A.2d 934 (1977); *McGowan v. Borough of Eatontown*, 151 N.J. Super. 440, 376 A.2d 1327 (1977). However, the cases cited by plaintiff were decided under the New Jersey Tort Claims Act, which provides: "Neither a public entity nor a public employee is liable for an injury caused *solely* by the effect on the use of streets and highways of weather conditions." (Emphasis added.) N.J. Stat. Ann. 59: 4-7 (West 1982). The New Jersey statute requires that, in order for governmental immunity to exist, the weather conditions must be the sole cause of the injury. K.S.A.

75-6104(k) contains no such requirement. Moreover, the cases are factually distinguishable. In each of the New Jersey cases, the plaintiffs relied upon additional nonexempt negligent actions by the governmental defendants as additional or alternative causes of their injuries. In *Paternoster*, the plaintiff additionally alleged that the state department of transportation had been affirmatively negligent in stacking snow on the sides of the road, reducing visibility at the intersection where the accident occurred. 190 N.J. Super. at 13-14. Similarly, in *Meta* and *McGowan*, the plaintiffs alleged that the injuries, in addition to being caused in part by weather conditions, were also caused in part by other negligent actions by the defendant governmental entities which were not exempt under the statute. *Meta*, 152 N.J. Super. at 232; *McGowan*, 151 N.J. Super. at 443-44.

Unlike the New Jersey cases cited by plaintiff, the sole basis for her allegations in the present case stems from the accumulation of ice upon the Yoder Road bridge due to natural weather conditions. There are no allegations of affirmative negligent acts by Reno County or its public works director, James Melvin, in causing ice to accumulate on the bridge. Instead, the petition alleges that the defendants were negligent in failing to remove the ice after it had accumulated and, therefore, the defendants are immune under the provisions of K.S.A. 75-6104(k).

Accordingly, we affirm the trial court's finding that the plaintiff failed to state a claim upon which relief could be granted.