(75 P.3d 1234)
No. 89,213

SHIRLEY LOPEZ, *Appellant,* v. UNIFIED GOVERNMENT OF WYANDOTTE COUNTY, KANSAS, and BOARD OF PUBLIC UTILITIES OF THE UNIFIED GOVERNMENT OF WYANDOTTE COUNTY, KANSAS, *Appellees.*

Opinion filed September 12, 2003.

*Jason P. Osteen* and *Kelly Sears,* of Dempsey & Kingsland, P.C., of Kansas City, Missouri, for appellant.

*Michael T. Jilka* and *Robert J. McCully,* of Shook, Hardy & Bacon, L.L.P., of Overland Park, and *Marc Conklin,* of Kansas City, for appellees.

Before BEIER, P.J., JOHNSON, J., and TIMOTHY G. LAHEY, District Judge, assigned.

BEIER, J.: Shirley Lopez was injured in a one-vehicle accident on a Kansas City road that had become icy when a watermain broke. Lopez appeals the district court's summary judgment in favor of the defendants, the Unified Government of Wyandotte County, Kansas (County), and the Board of Public Utilities of the Unified Government of Wyandotte County, Kansas (BPU).

Lopez was injured while driving to work on Parallel Parkway shortly after 6 a.m. She was staying within the posted speed limit, when she saw standing water in the roadway and applied her

brakes. As her car slowed, it began to spin. While spinning, Lopez looked out her car window and noticed ice below the water in the road.

Lopez called 911 to report the accident and told the authorities that there was ice in the street and that a watermain was broken. BPU already knew of the watermain break. BPU employee William Gedminas had received information about the break shortly before 5 a.m., had gone to the scene, and had quickly spotted the water. He spent approximately 30 minutes determining the exact location of the break and the size of the ruptured pipe and alerting his duty supervisor. While investigating, Gedminas activated an emergency flasher on top of his truck, but he did not place any cones or barricades near the watermain break before leaving to return to the BPU shop. He said he did not see any ice at the scene and did not believe the situation presented any danger to the motoring public.

Lopez' lawsuit against the County and BPU alleged that the defendants were negligent in failing to warn drivers about the presence of water and ice in the street, failing to barricade the portion of the roadway near the ice, and failing to treat the ice with sand or salt.

The defendants' motion for summary judgment argued that they were immune from liability under K.S.A. 2002 Supp. 75-6104(l), the "snow and ice" exception to the Kansas Tort Claims Act (KTCA). The exception provides:

"A governmental entity or an employee acting within the scope of the employee's employment shall not be liable for damages resulting from:

. . . .

(l) snow or ice conditions or other temporary or natural conditions on any public way or other public place due to weather conditions, unless the condition is affirmatively caused by the negligent act of the governmental entity." K.S.A. 2002 Supp. 75-6104(l).

Specifically, the defendants argued that Lopez could not prove that any affirmative negligent act of defendants caused the icy street condition. The district court agreed and granted defendants' motion.

Lopez argues on appeal that Kansas courts have traditionally limited application of the snow and ice exception to naturally oc-

curring weather conditions. In her view, the plain meaning of K.S.A. 2002 Supp. 75-6104(l) requires that *both* the offending ice and low temperature be present in or produced by nature for the exception to apply. Because the watermain break was not a natural weather condition, she argues, the exception does not govern.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The district court is required to resolve all facts and inferences that may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a genuine dispute as to a material fact. On appeal, we apply the same rules, and, where we find reasonable minds could differ as to the conclusions drawn from the evidence, we will find that summary judgment should have been denied. See *Mitchell v. City of Wichita*, 270 Kan. 56, 59, 12 P.3d 402 (2000).

The outcome of this case rises and falls on an issue of law, in particular, the meaning of K.S.A. 2002 Supp. 75-6104(l) and its appropriate application to the largely undisputed facts. Our review of issues of law is unlimited; we are not bound by the district court's interpretation of a statute. *Babe Houser Motor Co. v. Tetreault*, 270 Kan. 502, 506, 14 P.3d 1149 (2000).

The KTCA establishes a general rule of liability, *Moran v. State*, 267 Kan. 583, 593, 985 P.2d 127 (1999); see K.S.A. 2002 Supp. 75-6103(a). Immunity is the exception, and the burden is on the governmental entity to establish its entitlement to one of the exceptions to liability set forth in K.S.A. 2002 Supp. 75-6104. *Jarboe v. Board of Sedgwick County Comm'rs*, 262 Kan. 615, 624, 938 P.2d 1293 (1997).

There are two Kansas cases, filed 2 months apart, that directly address the snow and ice exception before us here.

In *Taylor v. Reno County*, 242 Kan. 307, 747 P.2d 100 (1987), the plaintiff was injured and her daughter was killed when the plaintiff lost control of her car on an icy bridge. The district court

held the defendant county was immune from plaintiff's suit under the snow and ice exception. 242 Kan. at 312.

On appeal, the Kansas Supreme Court noted that counties did not have a common-law duty to keep their roads in a reasonably safe condition and they were not liable at common law for damages resulting from defective roads or bridges. 242 Kan. at 310. In *Taylor*, the court noted there was no allegation that the icy condition of the bridge was caused by any affirmative negligent act of the county. Instead, the lawsuit arose out of the county's failure to clear the bridge after ice accumulated. This omission was not enough to make the ice and snow exception inapplicable, and the Supreme Court affirmed the district court's grant of summary judgment to the county. 242 Kan. at 312.

In *Draskowich v. City of Kansas City*, 242 Kan. 734, 750 P.2d 411 (1988), BPU employees became aware of a watermain leak and turned off the water supply to that pipe. Later, they were forced to turn the water back on in order to find the precise location of the leak. When the water was turned back on, both lanes of traffic on an adjoining street were flooded, and the plaintiff was injured when her car hit a patch of ice in the westbound lane. On appeal from a judgment for the plaintiff after bench trial, the City argued that the district court erred by failing to hold the City harmless under the snow and ice exception.

This time the Supreme Court sided with the plaintiff. The evidence supported a genuine issue of material fact on whether the City was negligent, because ice formed only after the BPU employees had turned the water back on and allowed the streets to be flooded. The Supreme Court said:

"The ice on the street where the accident occurred was not the product of natural weather conditions but was due to a break in the water line. It was undisputed that BPU employees turned the water off at 9:00 p.m. The ice formed after the employees turned the water back on in order to locate and repair the leak. The employees of BPU and the City knew there was ice on the road and knew that it was dangerous for vehicles to travel on it. Barricades and flashing lights were placed in the eastbound lanes, but no warnings of any kind were placed in the westbound lanes. As noted heretofore, an accident occurred prior to the plaintiff's accident and other accidents occurred afterward. Under these factual circumstances, we hold that affirmative acts of the City caused the accident. The ice on

the highway was not the result of natural weather conditions, but developed only after the BPU employees turned the water back on and allowed the street to be flooded. We hold that the exceptions contained in K.S.A. 75-6104 do not apply in this case. The City simply failed to take acts reasonably necessary for the protection of the travelers in the westbound lanes. The question of negligence was an issue of fact to be determined by the trier of fact." 242 Kan. at 741.

The facts of this case fall somewhere between *Taylor* and *Draskowich*. We do not have an icy or snowy condition caused exclusively by naturally occurring weather conditions as in *Taylor*; rather we have a combination of the nonnatural watermain break and naturally occurring cold temperature as in *Draskowich*. This case differs from *Draskowich* in that we are without clear evidence of an act of arguably affirmative negligence, *i.e.*, defendants turning the water supply back on and thus flooding the streets. Rather, we have only *Taylor*'s limited awareness of a possible hazard. In *Taylor*, although the county had appreciated that bridges such as the one whose iciness eventually precipitated the accident were becoming slick, it followed its specific policy limiting its reaction to certain measures at certain times of the day. Here, defendants merely failed to recognize that the watermain break, in combination with the morning's cold temperature, could pose a hazard that merited a water shut-off and/or posting of warnings to motorists.

The language quoted above from *Draskowich* could be more clear, but it is evident that the Supreme Court would not be deterred in applying the statutory snow and ice exception by the fact that the hazard at issue had both natural and nonnatural causes. As defendants have argued persuasively, Lopez would have us read a requirement into the statutory exception that a hazard result *only* from naturally occurring weather conditions. We will not do so without further guidance from the legislature or the Supreme Court. Our synthesis of the *Taylor* and *Draskowich* holdings compels the conclusion that, once a naturally occurring weather condition has *a* role in developing a roadway hazard, courts must apply the snow and ice exception "*unless* the condition is affirmatively caused by the negligent act of the governmental entity." (Emphasis added.) K.S.A. 2002 Supp. 75-6104(l).

Was there evidence of such a negligent act in this case? We agree with the district judge that there was not. Even Lopez argues that there was only a failure to act—a failure to warn or a failure to shut off the water supply to the affected area. These failures are not equivalent to "affirmative" negligent acts in any ordinary sense, and it is the ordinary sense of the legislature's language that we have a duty to discern and apply. See *GT, Kansas, L.L.C. v. Riley County Register of Deeds*, 271 Kan. 311, 316, 22 P.3d 600 (2001).

The district judge was correct to apply the snow and ice exception and find the defendants immune from suit under the KTCA.

Affirmed.