NOT DESIGNATED FOR PUBLICATION

No. 122,445

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TERESA SNEATH,
*Appellant*,

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ELLSWORTH and
ELLSWORTH COUNTY HIGHWAY DEPARTMENT,
*Appellees*.

MEMORANDUM OPINION

Appeal from Ellsworth District Court; MIKE KEELEY, judge. Opinion filed May 28, 2021.
Affirmed.

*Matthew L. Bretz*, of Bretz & Young, L.L.C., of Hutchinson, for appellant.

*Travis J. Ternes*, of Watkins Calcara, Chtd., of Great Bend, for appellees.

Before GARDNER, P.J., BUSER and BRUNS, JJ.

BUSER, J.:  This is a personal injury case arising from an incident in which Teresa
Sneath was injured when she drove her automobile into waters flooding a road in
Ellsworth County. Sneath filed a negligence lawsuit against the county's board of
commissioners and highway department. The district court granted the Defendants'
motion to dismiss, however, ruling that they were immune from liability under K.S.A.
75-6104(l), because Sneath's damages were caused by the natural condition of a flooded
street and not by any negligent affirmative act by the governmental defendants. Sneath
appeals. Finding no error, we affirm the district court's dismissal of the lawsuit.

1

In August 2019, Sneath filed a petition in the Ellsworth County District Court asserting claims for negligence and loss of consortium against the Ellsworth County Board of County Commissioners and Ellsworth County Highway Department (collectively the Defendants). In her amended petition, Sneath alleged in relevant part:

"9. On October 9, 2018, Jason Lemieux was driving on Avenue M near 20th Road in Ellsworth County, Kansas and was nearly swept away by water which was over the road.

"10. Knowing that a flooded road can be dangerous or even deadly to a motorist who did not see the water during the overnight hours, Mr. Lemieux called the Ellsworth County Sheriff's Office to report that there was water covering the road and that the road needed to be blocked.

"11. Defendant Ellsworth County Highway Department was then contacted with instructions to close the road.

. . . .

"14. But neither Defendant Ellsworth County Highway Department nor Defendant Ellsworth County sent anyone out to close the road, to put up barricades, or to put up other warnings of the known dangerous condition."

The next day, on October 10, 2018, at about 5:45 in the morning, Sneath was driving westbound on Avenue M near 20th Road. There were no road closed signs, barricades, or other warnings about water on the road. Because it was dark, Sneath did not see the water on the road, drove into the water, and was swept away. As a result, she suffered severe hypothermia and nearly drowned.

The amended petition alleged the Defendants were negligent, wanton, and reckless for not closing the road, or putting up barricades or other warnings as required by the Manual on Uniform Traffic Control Devices.

In response, the Defendants moved to dismiss the lawsuit. In their memorandum supporting the motion to dismiss, the Defendants argued they were immune from liability under K.S.A. 75-6104(l) for any damages resulting from natural conditions not caused by any negligent act by the Defendants. Because Sneath failed to plead facts showing the Defendants caused or contributed to the flooded road, the Defendants asserted her petition should be dismissed.

Sneath filed a response opposing the Defendants' motion to dismiss. Shortly thereafter, Sneath filed an amended petition that added an additional claim: "Defendants were further negligent in designing, constructing and maintaining the roadway in such a manner that caused water to flood the roadway." In response, the Defendants argued the new negligent design claim was not alleged with sufficient facts and the immunity provision still applied to preclude any liability by the governmental entities.

The district court held a hearing on the Defendants' motion to dismiss. After considering the parties' arguments, the district court granted the Defendants' motion to dismiss. The district court ruled the cause of action should be dismissed based on K.S.A. 75-6104(l):

> "A governmental entity or an employee acting within the scope of the employee's employment shall not be liable for damages resulting from:
> . . . .
> "(l) snow or ice conditions or other temporary or natural conditions on any public way or other public place due to weather conditions, unless the condition is affirmatively caused by the negligent act of the governmental entity."

In its ruling, the district court noted that the facts of the case "closely resemble" *Taylor v. Reno County*, 242 Kan. 307, 747 P.2d 100 (1987), "even more so than" *Lopez v. Unified Government of Wyandotte County*, 31 Kan. App. 2d 923, 75 P.3d 1234 (2003), *aff'd* 277 Kan. 682, 89 P.3d 588 (2004).

3

Sneath appeals.

ANALYSIS

On appeal, Sneath presents the following issue: "Whether the District Court erred in dismissing Plaintiff's claim based on the 'snow and ice' immunity provision [K.S.A. 75-6104(l)], when Plaintiff's claim did not arise from snow or ice or other temporary weather conditions but, rather, arose from Defendants not placing warnings or a 'Road Closed' sign as required by the Manual on Uniform Traffic Control Devices (MUTCD)." In response, the Defendants asserted the district court properly dismissed Sneath's claim because the flooded roadway was a natural condition on the road caused by weather conditions and not the affirmative negligence of the Defendants.

Preliminarily, Sneath has focused her appeal on the Defendants' purported negligence in failing to place warnings or a road closed sign on the flooded road. In her statement of the issue to be decided on appeal, Sneath does not claim the district court erred in dismissing her cause of action due to the alleged negligent design or construction of the road. Moreover, on appeal Sneath does not brief this particular claim. This omission is consequential. An issue not briefed is deemed waived or abandoned. *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018). Accordingly, we will not review any negligent design or construction claim on appeal.

Next, we state our standards of review. Whether a district court erred by granting a motion to dismiss for failure to state a claim is a question of law subject to unlimited review. The appellate court will view the well-pleaded facts in a light most favorable to the plaintiff and assume as true those facts and any inferences reasonably drawn from them. If those facts and inferences state *any* claim upon which relief can be granted, then dismissal is improper. *Cohen v. Battaglia*, 296 Kan. 542, 545-46, 293 P.3d 752 (2013). Additionally, "whether an exception of the [Kansas Tort Claims Act] applies to grant

4

immunity to a governmental entity is a question of law, also subject to unlimited review." *Keiswetter v. State*, 304 Kan. 362, 366, 373 P.3d 803 (2016).

We begin our analysis by observing that the Kansas Tort Claims Act, K.S.A. 75-6104, establishes general liability for governmental entities due to the negligent or wrongful acts or omissions of their employees. See *Lopez*, 277 Kan. at 684. The Act also lists numerous specific exceptions to the general liability provision. See K.S.A. 75-6104. In this appeal we are concerned with only one exception, the so-called natural conditions exception, K.S.A. 75-6104(l), which the district court found afforded the governmental entities immunity from tort liability.

In addition to this statutory provision, the district court found two Kansas Supreme Court opinions were helpful in its determination of the motion to dismiss. One of those cases, *Taylor*, has analogous facts and relevant legal precedent.

*Taylor* is a wrongful death and personal injury case. On December 30, 1984, at about 8:37 on a cold and rainy evening, the Reno County Sheriff's Office advised the county's public works director that bridges and overpasses were becoming extremely slick from freezing rain and that accidents were occurring. In response, the director advised that sand and salt would be applied on bridges and overpasses beginning at 5 the next morning in keeping with the county's Snow and Ice Control Implementation Plan.

At about 10:57 in the evening, Mary Taylor was driving her car on the Yoder Road bridge when her vehicle traveled over a patch of ice, slid out of control, and collided with another vehicle. As a result of the collision, Taylor's daughter was killed, and her son was seriously injured.

Taylor sued the county and its public works director, contending that the collision occurred because the defendants failed to clear the bridge of ice despite being aware of

the condition and taking no action to alleviate the unsafe situation. The district court dismissed Taylor's claim, citing the natural conditions immunity provision in K.S.A. 75-6104. Taylor appealed.

The Kansas Supreme Court affirmed the dismissal. 242 Kan. at 312. Our Supreme Court explained its rationale:

> "This case is a classic example of the type of case which falls within K.S.A. 75-6104(k) [now K.S.A. 75-6104(l)]. There is no allegation that the icy condition of the Yoder Road bridge was caused by the affirmative negligent acts of either of the defendants. Rather, the sole basis for plaintiff's present cause of action is that the defendants failed to properly clear the bridge of ice after it had accumulated. The accident allegedly arose from ice accumulation on a public bridge due to weather conditions and, thus, the case falls squarely within the governmental immunity provisions of K.S.A. 75-6104[(l)]" 242 Kan at 311.

In short, our Supreme Court distinguished between natural weather conditions and those conditions caused by affirmative negligent acts by governmental entities. While the immunity provision protects governmental entities from damages arising from natural weather conditions, it does not protect damages arising from affirmative negligent acts. 242 Kan. at 311. In *Taylor*, the Supreme Court held it was "not dealing with affirmative acts but with a failure to act." 242 Kan. at 310.

Returning to the present case on appeal, the Defendants embrace *Taylor*'s precedent, noting that "[s]imilarly here, there are no allegations of affirmative negligence of the [D]efendants in causing the flooding." For her part, Sneath does not mention, let alone address, *Taylor* in her appellate briefing.

In our view, we agree with the district court and Defendants that *Taylor* is dispositive because it is very similar to the facts and circumstances in this case. In both

*Taylor* and this case, the unsafe roadway was caused by forces of nature—rain turning to ice or water causing a flooded street. Moreover, in both *Taylor* and this case, there was no allegation that the governmental entities by an affirmative act of negligence caused the rain to turn to ice, or the water to accumulate, which flooded the road. As a result, K.S.A. 75-6104(l) extended immunity from tort liability to those governmental entities.

In its ruling, the district court also relied on *Lopez* in support of its dismissal of Sneath's cause of action. In *Lopez*, Shirley Lopez was injured in a one-vehicle accident which occurred on a Kansas City, Kansas street, which had become icy after a water main break. Lopez sued the Unified Government of Wyandotte County and its Board of Public Utilities, for the negligent omissions of failure to warn, barricade, or treat with sand or salt. The district court granted summary judgment to the defendants on the basis that the natural conditions exception of K.S.A. 2003 Supp. 75-6104(l) applied to provide the defendants with immunity from liability. Lopez appealed.

As Lopez' argument was later summarized by the Kansas Supreme Court, Lopez argued that "both the presence of water and the low temperature to freeze it must be produced by nature in order for the statutory exception to apply. Because the water main break was not a natural weather condition, according to Lopez' argument, the exception is inapplicable." 277 Kan. at 682-83.

Our court affirmed the grant of summary judgment to the defendants, however, holding that the snow and ice exception applied when a naturally occurring weather condition has some role in creating a roadway hazard unless the condition is affirmatively caused by the defendant's negligent act. 277 Kan. at 683. Since there was no evidence that the icy conditions were caused by the defendants' negligent act, only proof of negligent omissions, our court concluded that K.S.A. 2003 Supp. 75-6104(l) afforded the defendants immunity under the circumstances. See *Lopez*, 31 Kan. App. 2d at 927-28.

7

Upon the Kansas Supreme Court's review, our court's holding was affirmed. The Supreme Court found that the natural conditions exception applied because, although the source of the water was the water main rather than rainfall, there was no affirmative human act that caused the flowing water that later turned to ice. *Lopez*, 277 Kan. at 685. Sneath does not mention or discuss *Lopez* in her briefing.

In our view, *Taylor* and *Lopez* provide helpful guidance in resolving this appeal because the plaintiffs' claims that were rejected by the district courts were not affirmative allegations of negligence (which are not covered under K.S.A. 75-6104[l]) but were allegations of negligent omissions (which are covered under K.S.A. 75-6104[l]). In *Taylor*, the plaintiff asserted the governmental entities failed to remove the ice from the bridge despite prior knowledge of the unsafe icy conditions. In *Lopez*, plaintiffs claimed that after discovery of the water main break the governmental entities were negligent for failing to warn drivers of the presence of the unsafe roadway conditions, failing to barricade the roadway, and failing to treat the icy street. Similarly, in the case on appeal, Sneath alleges negligence because the governmental entities failed to place warnings or a road closed sign near the flooded street.

In all three cases, plaintiffs asserted negligence by omission or failures to act, not actionable negligence which caused the naturally occurring weather condition to develop into a roadway hazard. Under these circumstances, K.S.A. 75-6104(l) afforded the governmental entities immunity from tort liability. See *Lopez*, 31 Kan. App. 2d 923, Syl. ¶ 3 ("Once a naturally occurring weather condition has a role in developing a roadway hazard, courts must apply the snow and ice exception of K.S.A. 2002 Supp. 75-6104[l] unless the condition is affirmatively caused by the negligent act of the governmental entity.").

Sneath asserts that her case is more analogous to *Draskowich v. City of Kansas City*, 242 Kan. 734, 750 P.2d 411 (1988). In *Draskowich*, the Kansas City Board of

8

Public Utilities (BPU) responded to a water main break. Water was flowing down the eastbound lane of the road and splashing onto the westbound lane. BPU set up barricades, flashing lights, and traffic cones in the eastbound lane, and police officers were also at the scene. BPU employees turned off the water, set up their equipment, and turned the water back on to search for the leak. With the temperature dropping near freezing, the BPU requested a sand truck from the City. Although BPU made four requests, a sand truck did not arrive for almost three hours. By that time, the water in the westbound lane had turned to ice.

About one hour before the sand trucks arrived, Bertha Draskowich was driving in the westbound lane near the water main break. When Draskowich drove over the ice, she lost control of her vehicle and stuck a light pole and a house, damaging her vehicle. Draskowich sued the BPU and the City for negligence. The district court entered judgment in Draskowich's favor, and the Defendants appealed.

On appeal, the Defendants argued that the district court failed to apply certain immunities established in K.S.A. 75-6104, including the natural conditions immunity. Our Supreme Court disagreed. Citing *Taylor*, the court stated that "a governmental agency shall not be liable for damages resulting from snow or icy conditions resulting from accumulation of ice due to natural weather conditions unless the condition is affirmatively caused by the governmental agency." *Draskowich*, 242 Kan. at 740. As highlighted by our Supreme Court, in *Draskowich*, "[t]he ice formed after the employees turned the water back on in order to locate and repair the leak." 242 Kan. at 741. The court held: "Under these factual circumstances, we hold that affirmative acts of the City caused the accident. The ice on the highway was not the result of natural weather conditions, but developed only after the BPU employees turned the water back on and allowed the street to be flooded. We hold the exceptions contained in K.S.A. 75-6104 do not apply in this case. 242 Kan. at 741.

9

Sneath contends this case is similar to *Draskowich* because, "[j]ust as the City of Kansas City failed to send a sand truck . . . the Defendants in this case failed to send a warning or road-closed sign despite having plenty of time to respond to the request." We are not persuaded.

In *Draskowich*, the governmental entities affirmatively caused the water to flow onto the streets after they located the water main break, turned the water off, and then turned the water back on to check for leaks. Under these circumstances, the ice was caused by the affirmative action of the governmental entities turning the water main back on, not by the natural occurrence of the weather.

When applying the natural conditions immunity provision of K.S.A. 75-6104(l), the focus is not on how the governmental entity *responded* to the unsafe condition. The focus is on what *caused* the unsafe condition. In *Draskowich*, the ice on the street was caused by a broken water main that was reopened and flooded the street while being repaired by BPU employees, not a natural condition. In *Lopez*, although the source of the water was a water main break rather than rainfall—unlike *Draskowich*—there was no affirmative negligence that caused the water to flow onto the street and later turn to ice. In *Taylor*, the ice on the bridge was caused by a natural condition—freezing rain. And like *Taylor*, in the present appeal, there was no allegation that anything other than a natural condition caused the flooded road.

All things considered, we hold the district court did not err in applying K.S.A. 75-6104(l) to afford Ellsworth County and its highway department immunity from liability and dismissing Sneath's amended petition.

Affirmed.

10